IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**LARRY SANDERS**     **PETITIONER**

**v.**     **No. 1:01CR86-B**

**UNITED STATES OF AMERICA**     **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the February 7, 2003, *pro se* petition of Larry Sanders for a writ of *habeas corpus* under 28 U.S.C. § 2255. The government responded October 6, 2005, and the petitioner has not filed a traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

### Facts and Procedural Posture[1]

The petitioner was charged on July 18, 2001, with three counts of distributing and possessing with intent to distribute cocaine hydrochloride and cocaine base. Count One of the Indictment charged the petitioner with distributing in excess of 50 grams of cocaine base on March 2, 2001, in violation of 21 U.S.C. § 841(a) and (b)(1)(A). That count carried a maximum penalty of not less than 10 years to not more than life in prison. Count Two alleged that on April 3, 2001, he possessed with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a) and (b)(1)(A). That count also carried a maximum penalty of not less than 10 years to not more than life in prison. Count Three alleged that he also possessed with intent to

---

[1] The court has taken the facts and procedural posture from the government's memorandum brief in opposition to the petitioner's motion under 28 U.S.C. § 2255. Citations to the Change of Plea Hearing will be by "P.T." followed by the page number. Citations to the Sentencing Hearing will be by "S.T." followed by the page number. Citations to the Presentence Report will be by "PSR" followed by the page number.

distribute cocaine hydrochloride on April 3, 2001, in violation of 21 U.S.C. § 841(a) and (b)(1)(C), which carried a maximum penalty of twenty years in prison. (PSR, 3). On November 26, 2001, the petitioner, with the assistance of counsel, entered a plea of guilty pursuant to a written plea agreement to Count Three of the Indictment. The government agreed to dismiss the other count at the conclusion of sentencing. The plea agreement provided that there was no agreement as to the sentence which would "be in the sole discretion of the Court subject to the Federal Sentencing Guidelines, which have been explained to defendant by his attorney." (P.T., 10-12).

In the plea proceeding, the court advised and questioned the petitioner under oath as to his knowledge and understanding of his rights, the charge, the maximum penalty and the application of the sentencing guidelines. (P. T., 5-16). During the change of plea hearing, the government recited a factual basis which included a controlled buy of a large quantity of cocaine base and the execution of a search warrant on a storage facility controlled by the petitioner resulting in the seizure of large amounts of cocaine base and cocaine hydrochloride. The court questioned him as to his agreement with the factual basis stated by the prosecutor. The petitioner stated that he had no disagreement with the factual basis and tendered his plea of guilty. (P.T., 13-15). The Court accepted the plea as knowingly and voluntarily entered. (P.T., 16).

The United States Probation Service prepared and issued a pre-sentence report from the factual basis, agent reports, lab reports and the testimony of witnesses before the federal grand jury. (PSR, 3-4). The report stated that the petitioner had distributed 50 grams of crack cocaine on March 2, 2001, and possessed with intent to distribute 229.1 grams of crack cocaine and 57 grams of cocaine powder on April 3, 2001. The report also stated that the petitioner should also

be held accountable for 349.5 grams of crack cocaine seized from the petitioner and Ronnie Jetter during a traffic stop in Dallas, Texas, on May 17, 2000. The inclusion of that cocaine was based upon agent reports of the incident and an indictment issued out of Texas. As multiple controlled substances were involved, the reporting officer determined that the petitioner should be held accountable for distributing the equivalent of 12,583.4 kilograms of marijuana as relevant offense conduct. (PSR, 4-5). The presentence report determined his base offense level to be 36. The petitioner was given a three level downward adjustment for acceptance of responsibility. The presentence report thus determined the petitioner's total offense level to be 33. (PSR, 6-7).

The petitioner received two criminal history points for misdemeanor convictions and one point for a domestic violence conviction on December 14, 1996. The petitioner was fined, but not incarcerated on that conviction. The petitioner also received another criminal history point for a November 30, 2000, domestic violence conviction. The petitioner was both fined and incarcerated on that conviction. The petitioner had many arrests for drug offenses and weapons violations which were "retired to file" or "nolle prossed" by the State of Mississippi and were not counted towards his criminal history. (PSR, 8-11). Based upon the facts uncovered in its investigation, the probation service compiled a report assigning the petitioner a criminal history category II, resulting in a sentence range of 151 to 188 months. (PSR, 9). The petitioner submitted written objections to the report contesting the inclusion of the quantity of crack cocaine from the traffic stop in Dallas, Texas, as too remote in time and in place. He also objected to the inclusion of both misdemeanor convictions in his criminal history on the grounds that they were uncounseled guilty pleas. The court overruled both objections on March 28, 2002, at sentencing. (S.T., 3-6). The 1996 domestic violence conviction was an uncounseled guilty

plea. The court found that the conviction was countable because the petitioner received no incarceration. The 2000 domestic violence conviction was with the advice of counsel and was thus counted. With regard to the inclusion of the Texas drugs, the court found that one of the petitioner's suppliers of drugs the petitioner used for sale was in Texas; thus, the drugs seized in Texas could be included in the sentencing formula as relevant offense conduct. The court denied that objection. (S.T., 3-6). The petitioner spoke in allocution. (S.T., 12). The court then sentenced the petitioner to 155 months in prison. The court advised him of his right to appeal any sentence that was "imposed illegally or outside the guideline range or the miscalculation of the guidelines." The court also informed the petitioner that if he could not pay the cost of an appeal he could request the court to waive the costs and appoint an attorney. The court entered judgment April 1, 2002. The petitioner did not appeal the sentence/*.

Larry Sanders filed the instant petition for a writ of *habeas corpus* February 7, 2003, and set forth the following grounds for relief:

1. The district court erred in calculating the quantity of cocaine used for sentencing purposes and for failure to grant a downward adjustment under the "safety valve" provision. 2.

2. Trial counsel was ineffective for failure to raise defenses and investigate the petitioner's defense.

3. The search warrant executed on property under the petitioner's control was unlawful.

**Discussion**

The instant petition fails for two reasons. First, the petitioner's plea of guilty waives all defects in the proceedings leading to the guilty plea; as such, the petitioner's claims must be dismissed. In addition, the petitioner did not appeal his conviction or sentence; therefore, he

cannot now raise any issues he could have appealed to the Fifth Circuit. For these reasons, the instant petition for a writ of *habeas corpus* must be dismissed.

## A Valid Guilty Plea Is a Waiver of All
## Non-jurisdictional Grounds for *Habeas Corpus* Relief

The petitioner, with the assistance of counsel, entered into an agreement with the government to enter an unconditional plea of guilty to Count Three of the Indictment. (PSR, 3). The petitioner voluntarily entered his plea of guilty pursuant to that agreement. (P.T., 1-18). "A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction." *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002)(quoting *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991)). A plea of guilty eliminates all objections to searches and seizures. *Id.* at 286 (citing *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999)). This rule applies as well to proceedings initiated under 28 U.S.C. § 2255. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). The petitioner does not allege that his plea of guilty was involuntary. Instead, he makes the bare allegation that his counsel was ineffective for failing to file motions to suppress the searches described above, but he does not set forth a basis for challenging the searches. During the change of plea hearing the court reviewed in detail the requirements of Rule 11, Federal Rules Criminal Procedure. The court questioned the petitioner extensively to determine if his plea was voluntary. (P.T., 1-19). The court reminded the petitioner that he was under oath and could be charged with perjury if he failed to answer truthfully. (P.T., 3). The petitioner acknowledged full understanding of the proceedings, (P.T., 4), and testified that he had discussed the case at length with his attorney – and was satisfied with his counsel's representation of him. (P.T., 5).

The court advised and questioned the petitioner under oath regarding his knowledge and understanding of his rights, the charge, the elements of the offense, the maximum penalty and the application of the sentencing guidelines. (P.T., 5-9). The petitioner acknowledged his understanding of the plea agreement, which the assistant United States Attorney read to him in open court. (P.T., 10-13). The court questioned him as to his agreement with the factual basis stated by the prosecutor – including the fact that agents had conducted controlled buy of crack cocaine and a search warrant resulting in the seizure of crack cocaine and powder cocaine as alleged in the indictment. The petitioner agreed with the factual basis and tendered his plea of guilty. (P.T., 13-5). After this exchange, the court accepted the petitioner's plea as knowingly and voluntarily entered. (P.T., 16).

The petitioner's knowing and voluntary plea bars all challenges to his conviction – except a challenge to jurisdiction. To overcome the preclusive effect of his plea of guilty, the petitioner must show that his plea was "so much the product of . . . misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge v. Allison*, 431 U.S. 63, 75 (1977). The petitioner has not, however, challenged the voluntariness of his plea, and a review of the record shows that the petitioner entered his guilty plea knowingly and voluntarily – with the assistance of competent counsel. In light of his knowing and voluntary plea of guilty, the petitioner has waived any right to challenge the legality of the searches or the effectiveness of his representation.[2] For these reasons, the instant petition for a writ of *habeas corpus* must be dismissed.

---

[2] In addition, the petitioner has challenged only the search of his home (which did not produce incriminating evidence), not of the storage unit (which did produce incriminating evidence). Any deficiency in the search of his home would thus prove harmless in this case.

**Failure to Appeal**

*Habeas corpus* relief under 28 U.S.C. § 2255 is reserved for constitutional errors and a narrow range of claims that could not have been raised on direct appeal. *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994). Failure to appeal conviction or sentence operates as a waiver of those collateral claims. *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994) *cert. denied* 115 S.Ct. 2558 (1995). After a criminal defendant has exhausted or waived any right to appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) *cert. denied* 502 U.S. 1076 (1992). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998). Errors of less than constitutional magnitude may only be raised under § 2255 if the petitioner demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).

The petitioner could have raised all but one of the issues presented in the instant petition[3] on direct appeal, but he failed to do so. As such, he has waived the right to bring those claims in the current proceeding. *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994) *cert. denied* 115 S.Ct. 2558 (1995).

---

[3]The ineffective assistance of counsel could not have been addressed at trial or on direct appeal, *Kimmelman v. Morrison*, 477 U.S. 365, 378 (1986); however, as discussed above, this claim has been is precluded by the petitioner's guilty plea and the court's finding that his guilty plea was knowing and voluntary.

In sum, all of the grounds for relief the petitioner seeks in the instant petition for a writ of *habeas corpus* have either been waived by the petitioner's knowing and voluntary plea of guilty or by the petitioner's decision not to raise the grounds on direct appeal. As such, the instant petition for a writ of *habeas corpus* shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 30th day of March, 2006.

/s/ Neal Biggers

NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE